**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0714n.06
Filed: October 4, 2006

**03-4546/05-4330**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| MARJETA SILO and JOVAN SILO, )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>JOHN ASHCROFT, )<br>)<br>Respondent. ) | ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS |

Before: NORRIS and DAUGHTREY, Circuit Judges, and MARBLEY,[*] District Judge.

PER CURIAM.   The petitioners, Marjeta and Jovan Silo, seek review of the order of the Board of Immigration Appeals that affirmed a ruling by an immigration judge denying asylum and withholding of removal, but granting their request for voluntary departure.  The Silos claim to have suffered past political persecution in Albania based on political beliefs and ethnic identity.  Specifically, Marjeta Silo claims that she was persecuted on the ground of her opposition to the Albanian government's laws and social norms targeting women.  She testified in the immigration court that she had lost her job as a teacher due to speaking out to students and fellow teachers in favor of equal rights for women.  Jovan

_____

[*]The Hon. Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Silo is part Serb and asserts that, due to his ethnic identity and the fact that he spoke out in one Democratic Party meeting, he has suffered persecution.

Because the petitioners had little or no verified documentation to support their claims, the immigration judge noted that credibility was of "extreme importance" to the outcome of their application for relief. But the immigration judge also expressed significant reservations about the petitioners' credibility, especially that of Jovan Silo. The judge ultimately held, as a matter of law, that Marjeta Silo's claim "d[id] not rise to the level of persecution as it is cognizable on any of the enumerated grounds" of the Immigration and Nationality Act and that Jovan Silo had failed to establish past persecution based on his political beliefs.

The petitioners appealed the immigration judge's decision to the Board of Immigration Appeals, which affirmed without an opinion, and subsequently filed a petition for review in this court. Following oral argument in July 2005, we held the case in abeyance, relying on the petitioners' stated intention to file a motion to reopen with the Board. Apparently, the ensuing motion to reopen was untimely, but the Board nevertheless considered the merits and denied the motion, on the ground that the petitioners had failed to show that changed conditions in Albania were material to their case.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we conclude that there is substantial evidence in the record to support the immigration judge's decision. Even if the judge had credited all of the

testimony, the evidence would not have established the existence of past persecution or a basis for a well-founded fear of future persecution to the extent required for purposes of granting asylum.  Moreover, there is no merit to the petitioners' claim that the Board of Immigration Appeals initially denied them the right to review by affirming the decision of the immigration judge without an opinion.  *See Dekko v. INS*, 351 F.3d 7171 (6th Cir. 2003). Finally, we agree with the Board's determination that there are no grounds to permit reopening.

For the reasons set out above, we deny the petitions for review and AFFIRM the decision of the Board of Immigration Appeals.